UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-60295-MORENO/O'SULLIVAN

MICHAEL J. SHEA, an individual,

    Plaintiff,

v.

COMERICA BANK, N.A., a national banking
association, d/b/a "Direct Express,"

    Defendant.
_____/

**DEFENDANT COMERICA BANK'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Comerica Bank, N.A. ("Comerica"), hereby answers Plaintiff, Michael J. Shea's, Complaint for Damages and Incidental Relief as follows:

1. As to paragraph 1, no response is required because the allegation calls for a legal conclusion; otherwise, denied.

2. As to paragraph 2, denied.

3. As to paragraph 3, admitted.

4. As to paragraph 4, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

5. As to paragraph 5, denied. Averred that Comerica Bank's proper name is "Comerica Bank, a Texas banking association," and it does not have a d/b/a.

6. As to paragraph 6, admitted that a contract exists between the Financial Management Service Bureau of the United States Department of the Treasury ("FMS") and Comerica Bank. In such capacity, FMS authorizes Comerica Bank to provide electronic benefit transfer services, namely issue debit cards to recipients of Federal benefit payments as more fully described in the agreement between FMS and Comerica

Bank. Averred that Direct Express is a service mark of FMS. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore denied.

7. As to paragraph 7, admitted.

8. As to paragraph 8, admitted.

9. As to paragraph 9, admitted.

10. As to paragraph 10, denied.

11. As to paragraph 11, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

12. As to paragraph 12, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

13. As to paragraph 13, denied that Mr. Shea immediately notified Comerica of the unauthorized transfer. Admitted that after being notified of the alleged unauthorized transfer by Mr. Shea, Comerica sent a Questionnaire of Fraud to Mr. Shea. Otherwise, denied as to all remaining allegations.

14. As to paragraph 14, admitted that the Complaint purports to attach a letter, which speaks for itself; otherwise, denied.

15. As to paragraph 15, denied. Averred that the fraud questionnaire sent to Plaintiff speaks for itself.

16. As to paragraph 16, denied.

17. As to paragraph 17, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

18. As to paragraph 18, admitted that the Complaint purports to attach a fraud questionnaire, which speaks for itself; otherwise, denied.

19. As to paragraph 19, admitted that letter a dated October 16, 2013 was sent to Plaintiff, which speaks for itself; otherwise, denied.

20. As to paragraph 20, admitted that the Complaint purports to attach a letter, which speaks for itself; otherwise, denied.

21. As to paragraph 21, admitted.

22. As to paragraph 22, denied.

23. As to paragraph 23, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

### COUNT I – ACTION FOR VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT (15 U.S.C. § 1693, *ET SEQ.*)

24. As to paragraph 24, no response is required because the allegation calls for a legal conclusion; otherwise, denied.

25. As to paragraph 25, Defendant re-adopts and re-alleges its responses to paragraphs 1-23 as though fully set forth herein.

26. As to paragraph 26, no response is required because the allegation calls for a legal conclusion; otherwise, denied.

27. As to paragraph 27, no response is required because the allegation calls for a legal conclusion; otherwise, denied.

28. As to paragraph 28, denied.

29. As to paragraph 29, admitted that Comerica did not provisionally credit the Shea Account because it was not required. Otherwise, denied.

30. As to paragraph 30, denied.

31. As to paragraph 31, denied.

32. As to paragraph 32, denied.

33. As to paragraph 33, denied.

34. As to paragraph 34, denied.

35. As to paragraph 35, denied.

36. As to paragraph 36, denies knowledge or information sufficient to form a belief as to the truth of the allegation, therefore denied.

## AFFIRMATIVE DEFENSES AND DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiff, Comerica hereby pleads the following separate, additional and alternative affirmative defenses or defenses to the claims asserted by Plaintiff against Comerica:

## FIRST DEFENSE

Plaintiff's alleged damages did not result from any negligent and/or intentional misconduct on Comerica's part, but resulted instead from Plaintiff's own negligent conduct or the acts of third parties whom Plaintiff authorized and/or facilitated to perform the disputed transaction.

## SECOND DEFENSE

Plaintiff waived any and all claims against Comerica by his own acts or failure to act in protecting his financial interest, including without limitation, by facilitating to others the use of his debit card and/or personal account information, and/or by failing to adhere to Comerica's fraud trend procedure.

## THIRD DEFENSE

Comerica acted in good faith, exercised ordinary care in its dealings with Plaintiff and acted in a commercially reasonable manner in conducting the required investigation into Plaintiff's claim.

**FOURTH DEFENSE**

Comerica was not required to provisionally credit Plaintiff's account within ten (10) business days after receiving notification of the disputed transaction identified in Plaintiff's Complaint.

**FIFTH DEFENSE**

Plaintiff failed to mitigate his damages to the extent he failed to notify Comerica about any alleged unauthorized transfers as required by the Electronic Funds Transfer Act and/or by the governing agreement between Plaintiff and Comerica.

**SIXTH DEFENSE**

Plaintiff failed to mitigate his damages by failing to make any demand on the unidentified third party(s) for return of the subject funds.

**SEVENTH DEFENSE**

Plaintiff failed to comply conditions precedent to his claim, including the failure to identify the date and type for the alleged fraudulent transaction as required by the Electronic Funds Transfer Act.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, should be apportioned among the parties according to their respective fault, in accordance with the proportion of fault causing the loss.

**NINTH DEFENSE**

Any award in favor of Plaintiff must be set off or reduced by any recovery received by Plaintiff from any third party.

**TENTH DEFENSE**

Comerica is not liable for the criminal acts that may have been perpetrated by other unidentified third party(s) including without limitation the account holder(s) at Boom Financial – Self Help.

**ELEVENTH DEFENSE**

Plaintiff has failed to join an indispensable party because Plaintiff's alleged damages, if any, were proximately caused by unidentified third party(s) including, without limitation, the account holder(s) at Boom Financial – Self Help.

**TWELFTH DEFENSE**

All actions taken by Comerica in relation to the report of the alleged unauthorized transfer were taken in reliance on facts as reported to it by Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff has brought the instant matter in bad faith and/or for purposes of harassment entitling Comerica to its reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(f).

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to a jury trial because the Electronic Funds Transfer Act, 15 U.S.C. § 1693m(b), provides "[i]n determining the amount of liability in any action under subsection [1693m](a) of this section, the court shall consider …" Thus, a court, and not a jury is responsible for determining any award of damages.

Additionally, pursuant to the parties' governing agreement, Plaintiff waived the right to trial by jury.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a cause of action because Plaintiff has sued the incorrect legal entity. Comerica Bank is incorrectly named in Plaintiff's Complaint. Its proper name is "Comerica Bank, a Texas banking association," and it does not have a d/b/a. Accordingly, Plaintiff should amend the Complaint to identify the correct Defendant.

## COMERICA'S RESERVATION OF RIGHTS

Comerica has not knowingly and/or intentionally waived any applicable affirmative defense, and hereby reserves the right to raise and assert additional defenses as they become known to Comerica through discovery or otherwise. Comerica further reserves the right to amend or delete its answer and/or affirmative defenses accordingly as the case progresses.

## RELIEF REQUESTED

Comerica respectfully requests that: (1) Plaintiff recover nothing by reason of the Complaint, and that judgment be awarded in favor of Comerica and against Plaintiff in this action; (2) this Court grant Comerica's attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(f); and (3) for such other relief as this Court deems just and proper in favor of Comerica.

Dated: April 10, 2014

Respectfully submitted,

/s Emilia A. Quesada_____
Emilia A. Quesada
Florida Bar No. 092045
equesada@smgqlaw.com
Sanchez-Medina, Gonzalez, Quesada, et al.
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Telephone: (305) 377-1000
Facsimile: (855) 327-0391
   *Counsel for Comerica Bank*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served by cm/ecf on April 10, 2014, on all counsel of record on the Service List below.

/s Emilia A. Quesada_____
Emilia A. Quesada

## SERVICE LIST

Robert W. Murphy, Esq.
rphyu@aol.com
1212 S.E. 2nd Ave.
Fort Lauderdale, Florida  33316
Office: (954) 763-8660
Fax:    (954) 763-8607
*Counsel for Plaintiff*

Emilia A. Quesada, Esq.
equesada@smgqlaw.com
Sanchez-Medina, Gonzalez, Quesada, et al.
201 Alhambra Circle, Suite 1205
Coral Gables, FL 33134
Office: (305) 377-1000
Fax:    (855) 327-0391
*Counsel for Comerica Bank*